# Supreme Court of Florida

_____

No. SC17-882

_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF CIVIL PROCEDURE, THE FLORIDA RULES OF JUDICIAL ADMINISTRATION, THE FLORIDA RULES OF CRIMINAL PROCEDURE, AND THE FLORIDA RULES OF APPELLATE PROCEDURE—ELECTRONIC SERVICE.**

October 25, 2018

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules of Judicial Administration, Rules of Civil Procedure, Rules of Criminal Procedure, and Rules of Appellate Procedure.[1]

## Background

The Florida Bar's Rules of Judicial Administration Committee, the Civil Procedure Rules Committee, the Criminal Procedure Rules Committee, and the Appellate Court Rules Committee (Rules Committees) have filed a joint out-of-cycle report proposing a number of rule amendments addressing the computation

_____

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

of time to respond to documents served by e-mail. The Rules Committees published the proposals for comment before filing them with the Court and made revisions to the proposals in response to the comments they received. The amendments before the Court were unanimously approved by the Board of Governors of The Florida Bar.

After the joint report was filed, the Court published the proposed amendments for comment. The Court received comments from Victoria Katz, a rules attorney for Aderant CompuLaw, as well as from several members of the original Joint Email Service Committee.[2] The Civil Procedure Rules Committee filed a response to the comments indicating its opposition to the proposed amendment to Rule of Judicial Administration 2.514(a)(1)(A), and suggesting additional amendments to the rule. The Rules of Judicial Administration

---

2. The Joint Email Service Committee was established in 2009 to devise a system that would effectively move Florida courts away from a paper-dominated system into one utilizing e-mail as the principal means of service. In *In re Amendments to Florida Rules of Civil Procedure, Florida Rules of Judicial Administration, Florida Rules of Criminal Procedure, Florida Probate Rules, Florida Small Claims Rules, Florida Rules of Juvenile Procedure, Florida Rules of Appellate Procedure, and Florida Family Law Rules of Procedure—Electronic Filing*, 102 So. 3d 451 (Fla. 2012), the chair of The Florida Bar's Rules of Judicial Administration Committee, together with the committee chairs for several bodies of court rules, filed an out-of-cycle report proposing new Florida Rule of Judicial Administration 2.516 (Service of Pleadings and Documents), which implemented mandatory e-mail service for all cases in Florida. The Court adopted the amendments as proposed.

Committee, the Criminal Procedure Rules Committee, and the Appellate Court Rules Committee filed a joint response addressing the concerns raised in the comments and declining to make any further revisions to the proposed amendments.

After considering the proposed amendments, the comments filed, the Rules Committees' responses, and hearing oral argument, we adopt the amendments as proposed and set forth in the appendix to this opinion.

## Rules of Judicial Administration

Subdivision (b) of Rule of Judicial Administration 2.514 (Computing and Extending Time) is amended to remove "or e-mail" so that service by mail and e-mail are no longer treated identically. We also amend subdivision (a)(1)(A) of that rule so that time frames are calculated beginning from the next day following the event that triggers the time frame that is not a weekend or legal holiday. Subdivision (b)(1)(D)(iii) (Service; How Made; Service by Electronic Mail ("e-mail"); Time of Service) of rule 2.516 is amended to no longer allow parties an additional five days to respond following service of a document by e-mail. This amendment is consistent with the amendment to subdivision (b) of rule 2.514. E-mail, unlike postal mail, is now nearly instantaneous and no additional time should be permitted for responses to documents served by e-mail.

## Rules of Civil Procedure

Rules of Civil Procedure 1.170 (Counterclaims and Crossclaims), 1.260 (Survivor; Substitution of Parties), 1.351 (Production of Documents and Things Without Deposition), 1.410 (Subpoena), 1.440 (Setting Action for Trial), 1.442 (Proposals for Settlement), and 1.510 (Summary Judgment) are amended to directly reference Rule of Judicial Administration 2.516 (Service of Pleadings and Documents) instead of referencing Rule of Civil Procedure 1.080 (Service and Filing of Pleadings, Orders, and Documents).

We further amend rule 1.351 to reduce the time frame for parties to serve by e-mail a notice of intent to serve a subpoena requesting production of documents and things from fifteen to ten days. Lastly, we also amend rule 1.510 in subdivision (c) (Motion and Proceedings Thereon) to treat summary judgment evidence submitted electronically or by e-mail the same as summary judgment evidence that is "delivered," providing that while service by mail must take place at least five days prior to the day of the hearing, service by delivery, e-filing, and e-mail must take place no later than two days prior to the day of the hearing.

## Rules of Criminal Procedure

Rule of Criminal Procedure 3.040 (Computation of Time) is amended to remove the reference to subdivision (a) of Florida Rule of Judicial Administration 2.514, to conform with the amendment to that rule. As amended, the rule provides

that computation of time shall be governed by Rule of Judicial Administration 2.514.  Rule 3.070 (Additional Time After Service by Mail, When Permitted, or E-Mail) is deleted in its entirety.  The rule provided its own time frames for service by mail and e-mail; specifically, it provided for an additional three days to be added to the deadline when a party had the right or was required to do some act or take some proceedings within a prescribed period after the service of a notice or other document on the party by mail or e-mail.  Deleting rule 3.070 makes the Rules of Criminal Procedure consistent with the other amendments herein adopted.  Computation of time in criminal proceedings is now governed by Florida Rule of Judicial Administration 2.514.

### Rules of Appellate Procedure

The Rules Committees' proposed amendments to the Rules of Appellate Procedure all concern enlarging time frames.  The Rules Committees' report indicates that in response to the proposed amendments to Florida Rule of Judicial Administration 2.514 removing the additional five days when service is made by e-mail, the Appellate Court Rules Committee originally proposed amending the Rules of Appellate Procedure to retain the additional five days for service by e-mail.  The Board of Governors expressed concerns about the removal of the five days from the other bodies of rules when service is made by e-mail, while maintaining the five days for e-mail service in the Rules of Appellate Procedure.

The Board of Governors suggested that the Committees attempt to come to an agreement that would address its concerns and maintain one rule for computation of time. The amendments proposed here reflect a compromise among the Rules Committees to address the Appellate Court Rules Committee's concern about the loss of the five additional days to respond to service of a document by e-mail.

We amend rules 9.100 (Original Proceedings), 9.110 (Appeal Proceedings to Review Final Orders of Lower Tribunals and Orders Granting New Trial in Jury and Nonjury Cases), 9.120 (Discretionary Proceedings to Review Decisions of District Courts of Appeal), 9.125 (Review of Trial Court Orders and Judgments Certified by the District Courts of Appeal as Requiring Immediate Resolution by the Supreme Court of Florida), 9.130 (Proceedings to Review Nonfinal Orders and Specified Final Orders), 9.140 (Appeal Proceedings in Criminal Cases), 9.141 (Review Proceedings in Collateral or Postconviction Criminal Cases), 9.142 (Procedures for Review in Death Penalty Cases), 9.146 (Appeal Proceedings in Juvenile Dependency and Termination of Parental Rights Cases and Cases Involving Families and Children in Need of Services), 9.180 (Appeal Proceedings to Review Workers' Compensation Cases), 9.200 (The Record), 9.210 (Briefs), 9.300 (Motions), 9.320 (Oral Argument), 9.330 (Rehearing; Clarification; Certification; Written Opinion), 9.331 (Determination of Causes in a District Court

of Appeal En Banc), 9.350 (Dismissal of Causes), 9.360 (Parties), and 9.410 (Sanctions) to enlarge time frames as proposed.

We further adopt the Rules Committees' nonsubstantive editorial amendments to subdivisions (i) (Ineffective Assistance of Counsel for Parents Claims—Special Procedures and Time Limitations Applicable to Appeals of Orders in Termination of Parental Rights Proceedings Involving Ineffective Assistance of Counsel Claims), (i)(2) (Rendition), (i)(4)(A) (Ineffective Assistance of Counsel Motion Filed After Commencement of Appeal; Stay of Appellate Proceeding), and (i)(4)(C) (Ineffective Assistance of Counsel Motion Filed After Commencement of Appeal; Duties of the Clerk, Preparation and Transmittal of Supplemental Record) of rule 9.146, as proposed.

## Conclusion

Accordingly, the Florida Rules of Judicial Administration, Rules of Civil Procedure, Rules of Criminal Procedure, and Rules of Appellate Procedure are hereby amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective January 1, 2019, at 12:02 a.m.

It is so ordered.

CANADY, C.J., and PARIENTE, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.
LEWIS, J., dissents.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure, Florida Rules of Judicial Administration, Florida Rules of Criminal Procedure, Florida Rules of Appellate Procedure – Electronic Service

Scott Michael Dimond, Chair, Civil Procedure Rules Committee, Miami, Florida, Roger James Haughey, II, Past Chair, Tampa, Florida, Civil Procedure Rules Committee; Eduardo I. Sanchez, Chair, Rules of Judicial Administration Committee, Miami, Florida, Honorable Steven Scott Stephens, Past Chair, Rules of Judicial Administration Committee, Tampa, Florida; Sheila Ann Loizos, Chair, Criminal Procedure Rules Committee, Jacksonville, Florida, H. Scott Fingerhut, Past Chair, Criminal Procedure Rules Committee, Coral Gables, Florida; Courtney Rebecca Brewer, Chair, Appellate Court Rules Committee, Tallahassee, Florida, Kristin A. Norse, Past Chair, Appellate Court Rules Committee, Tampa, Florida; and Joshua E. Doyle, Executive Director, Mikalla Andies Davis, Krys Godwin, and Heather Savage Telfer, Staff Liaisons, The Florida Bar, Tallahassee, Florida,

     for Petitioners

Victoria Katz of Aderant, Culver City, California; Paul R. Regensdorf, Palm City, Florida; Honorable Richard A. Nielsen, Circuit Judge, Thirteenth Judicial Circuit, Tampa, Florida; Donald E. Christopher of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Orlando, Florida; and Robert M. Eschenfelder, Bradenton, Florida,

     Responding with Comments

**APPENDIX**

**RULE 2.514.        COMPUTING AND EXTENDING TIME**

**(a)    Computing Time.** The following rules apply in computing time periods specified in any rule of procedure, local rule, court order, or statute that does not specify a method of computing time.

**(1)    Period Stated in Days or a Longer Unit.** When the period is stated in days or a longer unit of time:

**(A)**    ~~exclude the day of the event that triggers the period~~begin counting from the next day that is not a Saturday, Sunday, or legal holiday;

**(B) – (C)**    [No change]

**(2) – (6)**    [No change]

**(b)    Additional Time after Service by Mail ~~or E-mail~~.** When a party may or must act within a specified time after service and service is made by mail ~~or e-mail~~, 5 days are added after the period that would otherwise expire under subdivision (a).

**RULE 2.516.        SERVICE OF PLEADINGS AND DOCUMENTS**

**(a)    [No change]**

**(b)    Service; How Made.** When service is required or permitted to be made upon a party represented by an attorney, service must be made upon the attorney unless service upon the party is ordered by the court.

**(1)    Service by Electronic Mail ("e-mail").** All documents required or permitted to be served on another party must be served by e-mail, unless the parties otherwise stipulate or this rule otherwise provides. A filer of an electronic document has complied with this subdivision if the Florida Courts e-filing Portal ("Portal") or other authorized electronic filing system with a supreme court approved electronic service system ("e-Service system") served the document by e-mail or provided a link by e-mail to the document on a website maintained by a clerk ("e-Service"). The filer of an electronic document must

verify that the Portal or other e-Service system uses the names and e-mail addresses provided by the parties pursuant to subdivision (b)(1)(A).

> **(A) – (C)**     [No change]
>
> **(D)   Time of Service.** Service by e-mail is complete on the date it is sent.
>
>> **(i) – (ii)**     [No change]
>>
>> ~~(iii)   E-mail service, including e-Service, is treated as service by mail for the computation of time.~~
>
> **(E)**     [No change]
>
> **(2)**     [No change]
>
>> **(A) – (F)**     [No change]
>
> **(c) – (h)**     [No change]

## RULE 1.170.     COUNTERCLAIMS AND CROSSCLAIMS

> **(a) – (f)**     [No change]
>
> **(g)   Crossclaim against Co-Party.** A pleading may state as a crossclaim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter of either the original action or a counterclaim therein, or relating to any property that is the subject matter of the original action. The crossclaim may include a claim that the party against whom it is asserted is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant. Service of a crossclaim on a party who has appeared in the action must be made pursuant to ~~rule 1.080~~<u>Florida Rule of Judicial Administration 2.516</u>. Service of a crossclaim against a party who has not appeared in the action must be made in the manner provided for service of summons.
>
> **(h) – (j)**     [No change]

**Committee Notes**

[No change]

## RULE 1.260.  SURVIVOR; SUBSTITUTION OF PARTIES

**(a)  Death.**

(1)  If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on all parties as provided in ~~rule 1.080~~Florida Rule of Judicial Administration 2.516 and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within 90 days after the death is suggested upon the record by service of a statement of the fact of the death in the manner provided for the service of the motion, the action shall be dismissed as to the deceased party.

(2)  [No change]

**(b) – (d)  [No change]**

## RULE 1.351.  PRODUCTION OF DOCUMENTS AND THINGS WITHOUT DEPOSITION

**(a)  [No change]**

**(b)  Procedure.** A party desiring production under this rule shall serve notice as provided in ~~rule 1.080~~Florida Rule of Judicial Administration 2.516 on every other party of the intent to serve a subpoena under this rule at least 10 days before the subpoena is issued if service is by delivery or e-mail and 15 days before the subpoena is issued if the service is by mail ~~or e-mail~~. The proposed subpoena shall be attached to the notice and shall state the time, place, and method for production of the documents or things, and the name and address of the person who is to produce the documents or things, if known, and if not known, a general description sufficient to identify the person or the particular class or group to which the person belongs; shall include a designation of the items to be produced; and shall state that the person who will be asked to produce the documents or things has the right to object to the production under this rule and that the person will not be required to surrender the documents or things. A copy of the notice and

proposed subpoena shall not be furnished to the person upon whom the subpoena is to be served. If any party serves an objection to production under this rule within 10 days of service of the notice, the documents or things shall not be produced pending resolution of the objection in accordance with subdivision (d).

**(c) – (f)    [No change]**

## Committee Notes

[No change]

**RULE 1.410.    SUBPOENA**

**(a) – (b)    [No change]**

**(c)    For Production of Documentary Evidence.** A subpoena may also command the person to whom it is directed to produce the books, documents (including electronically stored information), or tangible things designated therein, but the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive, or (2) condition denial of the motion on the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, documents, or tangible things. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms. A person responding to a subpoena may object to discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue costs or burden. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought or the form requested is not reasonably accessible because of undue costs or burden. If that showing is made, the court may nonetheless order discovery from such sources or in such forms if the requesting party shows good cause, considering the limitations set out in rule 1.280(d)(2). The court may specify conditions of the discovery, including ordering that some or all of the expenses of the discovery be paid by the party seeking the discovery. A party seeking a production of evidence at trial which would be subject to a subpoena may compel such production by serving a notice to produce such evidence on an adverse party as provided in ~~rule 1.080~~Florida Rule of Judicial Administration 2.516. Such notice shall have the

- 12 -

same effect and be subject to the same limitations as a subpoena served on the party.

**(d) – (h)     [No change]**

Committee Notes

[No change]

**RULE 1.440.     SETTING ACTION FOR TRIAL**

**(a) – (b)     [No change]**

**(c)     Setting for Trial.** If the court finds the action ready to be set for trial, it shall enter an order fixing a date for trial. Trial shall be set not less than 30 days from the service of the notice for trial. By giving the same notice the court may set an action for trial. In actions in which the damages are not liquidated, the order setting an action for trial shall be served on parties who are in default in accordance with ~~rule 1.080~~Florida Rule of Judicial Administration 2.516.

**(d)     [No change]**

Committee Notes

[No change]

Court Commentary

[No change]

**RULE 1.442.     PROPOSALS FOR SETTLEMENT**

**(a) – (b)     [No change]**

**(c)     Form and Content of Proposal for Settlement.**

(1)     A proposal shall be in writing and shall identify the applicable Florida law under which it is being made.

(2)     A proposal shall:

(A)    name the party or parties making the proposal and the party or parties to whom the proposal is being made;

(B)    state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F);

(C)    state with particularity any relevant conditions;

(D)    state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;

(E)    state with particularity the amount proposed to settle a claim for punitive damages, if any;

(F)    state whether the proposal includes attorneys' fees and whether attorneys' fee are part of the legal claim; and

(G)    include a certificate of service in the form required by ~~rule 1.080~~Florida Rule of Judicial Administration 2.516.

(3) – (4)    [No change]

**(d) – (j)    [No change]**

## Committee Notes

[No Change]

**RULE 1.510.    SUMMARY JUDGMENT**

**(a) – (b)    [No change]**

**(c)    Motion and Proceedings Thereon.** The motion must state with particularity the grounds upon which it is based and the substantial matters of law to be argued and must specifically identify any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence ("summary judgment evidence") on which the movant relies. The movant must serve the motion at least 20 days before the time fixed for the hearing, and must also serve at that time a copy of any summary judgment

- 14 -

evidence on which the movant relies that has not already been filed with the court. The adverse party must identify, by notice served pursuant to ~~rule 1.080~~Florida Rule of Judicial Administration 2.516 at least 5 days prior to the day of the hearing if service by mail is authorized, or delivered, electronically filed, or sent by e-mail no later than 5:00 p.m. 2 business days prior to the day of the hearing, any summary judgment evidence on which the adverse party relies. To the extent that summary judgment evidence has not already been filed with the court, the adverse party must serve a copy on the movant pursuant to ~~rule 1.080~~Florida Rule of Judicial Administration 2.516 at least 5 days prior to the day of the hearing if service by mail is authorized, or by delivery, electronic filing, or sending by e-mail ~~to the movant's attorney~~ no later than 5:00 p.m. 2 business days prior to the day of hearing. The judgment sought must be rendered immediately if the pleadings and summary judgment evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**(d) – (g)      [No change]**

## Committee Notes

[No change]

## RULE 3.040.      COMPUTATION OF TIME

Computation of time shall be governed by Florida Rule of Judicial Administration 2.514~~(a)~~, except for the periods of time of less than 7 days contained in rules 3.130, 3.132(a) and (c), and 3.133(a).

## Committee Notes

[No change]

## Court Commentary

[No change]

## ~~RULE 3.070.      ADDITIONAL TIME AFTER SERVICE BY MAIL, WHEN PERMITTED, OR E-MAIL~~

~~Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other document on the party and the notice or document is served on the party by mail, when permitted, or e-mail, 3 days shall be added to the prescribed period.~~

**~~Committee Notes~~**

**~~1968 Adoption.~~** ~~This is the same as rule 1.6(e), Florida Rules of Civil Procedure, except for the omission of subdivision (c) of the civil rules, which appears to be inapplicable to criminal cases.~~

**~~1972 Amendment.~~** ~~Same as prior rule.~~


**RULE 9.100.        ORIGINAL PROCEEDINGS**

    **(a) – (j)        [No change]**

    **(k)        Reply.** Within ~~20~~30 days thereafter or such other time set by the court, the petitioner may serve a reply, which shall not exceed 15 pages in length, and supplemental appendix.

    **(*l*)        [No change]**

**Committee Notes**

[No change]

**Court Commentary**

[No change]

**RULE 9.110.        APPEAL PROCEEDINGS TO REVIEW FINAL ORDERS OF LOWER TRIBUNALS AND ORDERS GRANTING NEW TRIAL IN JURY AND NONJURY CASES**

    **(a) – (f)        [No change]**

    **(g)        Cross-Appeal.** An appellee may cross-appeal by serving a notice within ~~10~~15 days of service of the appellant's timely filed notice of appeal or

within the time prescribed for filing a notice of appeal, whichever is later. The notice of cross-appeal, accompanied by any filing fees prescribed by law, shall be filed either before service or immediately thereafter in the same manner as the notice of appeal.

**(h) – (m)**     **[No change]**

### Committee Notes

[No change]

### Court Commentary

[No change]

**RULE 9.120.**     **DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS OF DISTRICT COURTS OF APPEAL**

**(a) – (c)**     **[No change]**

**(d)**     **Briefs on Jurisdiction.** The petitioner's brief, limited solely to the issue of the supreme court's jurisdiction and accompanied by an appendix containing only a conformed copy of the decision of the district court of appeal, shall be served within 10 days of filing the notice. The respondent's brief on jurisdiction shall be served within ~~20~~30 days after service of petitioner's brief. Formal requirements for both briefs are specified in rule 9.210. No reply brief shall be permitted. If jurisdiction is invoked under rule 9.030(a)(2)(A)(v) (certifications of questions of great public importance by the district courts of appeal to the supreme court), no briefs on jurisdiction shall be filed.

**(e) – (f)**     **[No change]**

### Committee Notes

[No change]

**RULE 9.125.**     **REVIEW OF TRIAL COURT ORDERS AND JUDGMENTS CERTIFIED BY THE DISTRICT COURTS OF APPEAL AS REQUIRING IMMEDIATE**

**RESOLUTION BY THE SUPREME COURT OF FLORIDA**

**(a) – (c)    [No change]**

**(d)    Response.** Any party may file a response within 510 days of the service of the suggestion.

**(e) – (g)    [No change]**

**Committee Notes**

[No change]

**RULE 9.130.    PROCEEDINGS TO REVIEW NONFINAL ORDERS AND SPECIFIED FINAL ORDERS**

**(a) – (f)    [No change]**

**(g)    Cross-Appeal.** An appellee may cross-appeal the order or orders designated by the appellant, to review any ruling described in subdivisions (a)(3)–(a)(5), by serving a notice within 1015 days of service of the appellant's timely filed notice of appeal or within the time prescribed for filing a notice of appeal, whichever is later. A notice of cross-appeal, accompanied by any filing fees prescribed by law, shall be filed either before service or immediately thereafter in the same manner as the notice of appeal.

**(h) – (i)    [No change]**

**Committee Notes**

[No change]

**RULE 9.140.    APPEAL PROCEEDINGS IN CRIMINAL CASES**

**(a)    [No change]**

**(b)    Appeals by Defendant.**

**(1) – (3)    [No change]**

**(4)    Cross-Appeal.** A defendant may cross-appeal by serving a notice within ~~10~~15 days of service of the state's notice or service of an order on a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Review of cross-appeals before trial is limited to related issues resolved in the same order being appealed.

**(c)    Appeals by the State.**

**(1) – (2)    [No change]**

**(3)    Commencement.** The state shall file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal within 15 days of rendition of the order to be reviewed; provided that in an appeal by the state under rule 9.140(c)(1)(K), the state's notice of cross-appeal shall be filed within ~~10~~15 days of service of defendant's notice or service of an order on a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Copies shall be served on the defendant and the attorney of record. An appeal by the state shall stay further proceedings in the lower tribunal only by order of the lower tribunal.

**(d) – (i)    [No change]**

**Committee Notes**

[No change]

**Court Commentary**

[No change]

**RULE 9.141.    REVIEW PROCEEDINGS IN COLLATERAL OR POSTCONVICTION CRIMINAL CASES**

**(a)    [No change]**

**(b)    Appeals from Postconviction Proceedings Under Florida Rules of Criminal Procedure 3.800(a), 3.801, 3.802, 3.850, or 3.853.**

**(1)    [No change]**

**(2)	Summary Grant or Denial of All Claims Raised in a Motion Without Evidentiary Hearing.**

	**(A) – (B)	[No change]**

	**(C)	Briefs or Responses.**

		(i)	[No change]

		(ii)	The court may request a response from the appellee before ruling, regardless of whether the appellant filed an initial brief. The appellant may serve a reply within 2030 days after service of the response. The response and reply shall not exceed the page limits set forth in rule 9.210 for answer briefs and reply briefs.

		**(D)	[No change]**

	**(3)	[No change]**

	**(c) – (d)	[No change]**

**Committee Notes**

[No change]


**RULE 9.142.	PROCEDURES FOR REVIEW IN DEATH PENALTY CASES**

**(a)	Procedure in Death Penalty Appeals.**

	**(1)	[No change]**

	**(2)	Briefs; Transcripts.** After the record is filed, the clerk will promptly establish a briefing schedule allowing the defendant 60 days from the date the record is filed, the state 4550 days from the date the defendant's brief is served, and the defendant 3040 days from the date the state's brief is served to serve their respective briefs. On appeals from orders ruling on applications for relief under Florida Rules of Criminal Procedure 3.851 or 3.853, and on resentencing matters, the schedules set forth in rule 9.140(g) will control.

**(3) – (5)**     **[No change]**

**(b)**     **[No change]**

**(c)**     **Petitions Seeking Review of Nonfinal Orders in Death Penalty Postconviction Proceedings.**

**(1) – (7)**     **[No change]**

**(8)**     **Reply.** Within ~~20~~30 days after service of the response or such other time set by the court, the petitioner may serve a reply, which shall not exceed 15 pages in length, and supplemental appendix.

**(9) – (11)**     **[No change]**

**(d)**     **[No change]**

**Committee Notes**

[No change]

**Criminal Court Steering Committee Notes**

[No change]

**RULE 9.146.**     **APPEAL PROCEEDINGS IN JUVENILE DEPENDENCY AND TERMINATION OF PARENTAL RIGHTS CASES AND CASES INVOLVING FAMILIES AND CHILDREN IN NEED OF SERVICES**

**(a) – (f)**     **[No change]**

**(g)**     **Special Procedures and Time Limitations Applicable to Appeals of Final Orders in Dependency or Termination of Parental Rights Proceedings.**

**(1) – (2)**     **[No change]**

**(3)**     **Briefs.**

**(A)** **[No change]**

**(B)** **Times for Service.** The initial brief shall be served within ~~20~~30 days of service of the record on appeal or the index to the record on appeal. The answer brief shall be served within ~~20~~30 days of service of the initial brief. The reply brief, if any, shall be served within ~~10~~15 days of the service of the answer brief. In any appeal or cross-appeal, if more than 1 initial or answer brief is authorized, the responsive brief shall be served within 20 days after the last initial brief or within 10 days after the last answer brief was served. If the last authorized initial or answer brief is not served, the responsive brief shall be served within 20 days after the last authorized initial brief or within 10 days after the last authorized answer brief could have been timely served.

**(4) – (7)** **[No change]**

**(h)** **[No change]**

**(i)** **Ineffective Assistance of Counsel for Parents' Claims—Special Procedures and Time Limitations Applicable to Appeals of Orders in Termination of Parental Rights Proceedings Involving Ineffective Assistance of Counsel Claims.**

**(1)** **[No change]**

**(2)** **Rendition.** A motion claiming ineffective assistance of counsel filed in accordance with Florida Rule of Juvenile Procedure 8.530 shall toll rendition of the order terminating parental rights under Florida Rule of Appellate Procedure 9.020 until the lower tribunal files a signed, written order on the motion, except as provided by Florida Rule~~s~~ of Juvenile Procedure 8.530.

**(3)** **[No change]**

**(4)** **Ineffective Assistance of Counsel Motion Filed After Commencement of Appeal.** If an appeal is pending, a parent may file a motion claiming ineffective assistance of counsel pursuant to Florida Rule of Juvenile Procedure 8.530 if the filing occurs within 20 days of rendition of the order terminating parental rights.

**(A)** **Stay of Appellate Proceeding.** A parent or counsel appointed pursuant to Florida Rule of Juvenile Procedure 8.530 shall file a notice of a ~~timely filed~~timely filed, pending motion claiming ineffective assistance of

counsel. The notice automatically stays the appeal until the lower tribunal renders an order disposing of the motion.

> **(B)** **[No change]**

> **(C)** **Duties of the Clerk~~,~~; Preparation and ~~Transmittal~~Transmission of Supplemental Record.** If the clerk of circuit court has already transmitted the record on appeal of the order terminating parental rights, the clerk shall automatically supplement the record on appeal with any motion pursuant to Florida Rule of Juvenile Procedure 8.530, the resulting order, and the transcript from the hearing on the motion. The clerk shall electronically transmit the supplement to the court and serve the parties within 5 days of the filing of the order ruling on the motion, or within 5 days of filing of the transcript from the hearing on the motion by the designated court reporter, whichever is later.

### Committee Notes

[No change]

**RULE 9.180.** **APPEAL PROCEEDINGS TO REVIEW WORKERS' COMPENSATION CASES**

> **(a) – (e)** **[No change]**

> **(f)** **Record Contents; Final Orders.**

> > **(1) – (4)** **[No change]**

> > **(5)** **Costs.**

> > > **(A)** **[No change]**

> > > **(B)** **Deposit of Estimated Costs.** Within ~~15~~20 days after the notice of estimated costs is served, the appellant shall deposit a sum of money equal to the estimated costs with the lower tribunal.

> > > **(C) – (E)** **[No change]**

> > **(6)** **Transcript(s) of Proceedings.**

> > > **(A)** **[No change]**

**(B)     Objection to Court Reporter or Transcriptionist Selected.** Any party may object to the court reporter or transcriptionist selected by filing written objections with the judge who made the selection within ~~15~~20 days after service of notice of the selection. Within 5 days after filing the objection, the judge shall hold a hearing on the issue. In such a case, the time limits mandated by these rules shall be appropriately extended.

**(C)     [No change]**

**(7) – (9)     [No change]**

**(g)     Relief From Filing Fee and Costs; Indigency.**

**(1) – (2)     [No change]**

**(3)     Costs of Preparation of Record.**

**(A)     [No change]**

**(B)     Time.** The verified petition to be relieved of costs must be filed within ~~15~~20 days after service of the notice of estimated costs. A verified petition filed prior to the date of service of the notice of estimated costs shall be deemed not timely.

**(C) – (E)     [No change]**

**(F)     Hearing on Petition to Be Relieved of Costs.** After giving 15 days' notice to the Division of Workers' Compensation and all parties, the lower tribunal shall promptly hold a hearing and rule on the merits of the petition to be relieved of costs. However, if no objection to the petition is filed by the division or a party within ~~20~~30 days after the petition is served, the lower tribunal may enter an order on the merits of the petition without a hearing.

**(G) – (I)     [No change]**

**(h) – (i)     [No change]**

**Committee Notes**

[No change]

- 24 -

**RULE 9.200.      THE RECORD**

   **(a)      [No change]**

   **(b)      Transcript(s) of Proceedings.**

   **(1) – (4)      [No change]**

   **(5)      Statement of Evidence or Proceedings.** If no report of the proceedings was made, or if the transcript is unavailable, a party may prepare a statement of the evidence or proceedings from the best available means, including the party's recollection. The statement shall be served on all other parties, who may serve objections or proposed amendments to it within ~~10~~15 days of service. Thereafter, the statement and any objections or proposed amendments shall be filed with the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.

   **(c)      Cross-Appeals.** Within 20 days of filing the notice of appeal, a cross-appellant may direct that additional documents, exhibits, or transcript(s) be included in the record. If less than the entire record is designated, the cross-appellant shall serve, with the directions, a statement of the judicial acts to be reviewed. The cross-appellee shall have ~~10~~15 days after such service to direct further additions. The time for preparation and transmittal of the record shall be extended by 10 days.

   **(d) – (f)      [No change]**

### Committee Notes

[No change]

**RULE 9.210.      BRIEFS**

   **(a) – (e)      [No change]**

   **(f)      Times for Service of Briefs.** The times for serving jurisdiction and initial briefs are prescribed by rules 9.110, 9.120, 9.130, and 9.140. Unless otherwise required, the answer brief shall be served within ~~20~~30 days after service of the initial brief; the reply brief, if any, shall be served within ~~20~~30 days after service of the answer brief; and the cross-reply brief, if any, shall be served within

~~20~~30 days thereafter. In any appeal or cross-appeal, if more than 1 initial or answer brief is authorized, the responsive brief shall be served within 20 days after the last initial or answer brief was served. If the last authorized initial or answer brief is not served, the responsive brief shall be served within 20 days after the last authorized initial or answer brief could have been timely served.

**(g)** **[No change]**

## Committee Notes

[No change]

## Court Commentary

[No change]

## RULE 9.300.      MOTIONS

**(a)** **Contents of Motion; Response.** Unless otherwise prescribed by these rules, an application for an order or other relief available under these rules shall be made by filing a motion therefor. The motion shall state the grounds on which it is based, the relief sought, argument in support thereof, and appropriate citations of authority. A motion for an extension of time shall, and other motions if appropriate may, contain a certificate that the movant's counsel has consulted opposing counsel and that the movant's counsel is authorized to represent that opposing counsel either has no objection or will promptly file an objection. A motion may be accompanied by an appendix, which may include affidavits and other appropriate supporting documents not contained in the record. With the exception of motions filed pursuant to rule 9.410(b), a party may serve 1 response to a motion within ~~10~~15 days of service of the motion. The court may shorten or extend the time for response to a motion.

**(b) – (d)** **[No change]**

## Committee Notes

[No change]

## RULE 9.320.      ORAL ARGUMENT

Oral argument may be permitted in any proceeding. A request for oral argument shall be in a separate document served by a party:

(a)    in appeals, not later than ~~10~~15 days after the last brief is due to be served;

(b)    in proceedings commenced by the filing of a petition, not later than ~~10~~15 days after the reply is due to be served; and

(c)    [No change]

Each side will be allowed 20 minutes for oral argument, except in capital cases in which each side will be allowed 30 minutes. On its own motion or that of a party, the court may require, limit, expand, or dispense with oral argument.


**RULE 9.330.     REHEARING; CLARIFICATION; CERTIFICATION; WRITTEN OPINION**

**(a)    Time for Filing; Contents; Response.**

**(1) – (2)      [No change]**

**(3)    Response.** A response may be served within ~~10~~15 days of service of the motion.

**(b)    [No change]**

**(c)    Exception; Bond Validation Proceedings.** A motion for rehearing or for clarification of an order or decision in proceedings for the validation of bonds or certificates of indebtedness as provided by rule 9.030(a)(1)(B)(ii) may be filed within 10 days of an order or decision or within such other time set by the court. A reply may be served within ~~5~~10 days of service of the motion. The mandate shall issue forthwith if a timely motion has not been filed. A timely motion shall receive immediate consideration by the court and, if denied, the mandate shall issue forthwith.

**(d) – (e)      [No change]**

**Committee Notes**

[No change]

## RULE 9.331. DETERMINATION OF CAUSES IN A DISTRICT COURT OF APPEAL EN BANC

**(a) – (c)** **[No change]**

**(d)** **Rehearings En Banc.**

**(1)** **Generally.** A rehearing en banc may be ordered by a district court of appeal on its own motion or on motion of a party. Within the time prescribed by rule 9.330, a party may move for an en banc rehearing solely on the grounds that the case or issue is of exceptional importance or that such consideration is necessary to maintain uniformity in the court's decisions. A motion based on any other ground shall be stricken. A response may be served within 1015 days of service of the motion. A vote will not be taken on the motion unless requested by a judge on the panel that heard the proceeding, or by any judge in regular active service on the court. Judges who did not sit on the panel are under no obligation to consider the motion unless a vote is requested.

**(2) – (3)** **[No change]**

### Committee Notes

[No change]

### Court Commentary

[No change]

## RULE 9.350. DISMISSAL OF CAUSES

**(a)** **[No change]**

**(b)** **Voluntary Dismissal.** A proceeding of an appellant or a petitioner may be dismissed before a decision on the merits by filing a notice of dismissal with the clerk of the court without affecting the proceedings filed by joinder or cross-appeal; provided that dismissal shall not be effective until 1015 days after service of the notice of appeal or until 10 days after the time prescribed by rule 9.110(b), whichever is later. In a proceeding commenced under rule 9.120,

dismissal shall not be effective until 10 days after the serving of the notice to invoke discretionary jurisdiction or until 10 days after the time prescribed by rule 9.120(b), whichever is later.

**(c) – (d)**     **[No change]**

### Committee Notes

[No change]

## RULE 9.360.     PARTIES

**(a)     Joinder for Realignment as Appellant or Petitioner.** An appellee or respondent who desires to realign as an appellant or petitioner shall serve a notice of joinder no later than the latest of the following:

(1)     within ~~10~~15 days of service of a timely filed ~~petition or~~ notice of appeal or petition;

(2) – (3)     [No change]

The notice of joinder, accompanied by any filing fees prescribed by law, shall be filed either before service or immediately thereafter. The body of the notice shall set forth the proposed new caption. Upon filing of the notice and payment of the fee, the clerk shall change the caption to reflect the realignment of the parties in the notice.

**(b) – (c)**     **[No change]**

### Committee Notes

[No change]

## RULE 9.410.     SANCTIONS

**(a)**     **[No change]**

**(b)**     **Motion by a Party.**

**(1) – (2)**     **[No change]**

**(3)    Initial Service.** A copy of a motion for attorneys' fees as a sanction must initially be served only on the party against whom sanctions are sought. That motion shall be served no later than the time for serving any permitted response to a challenged document or, if no response is permitted as of right, within ~~15~~20 days after a challenged document is served or a challenged claim, defense, contention, allegation, or denial is made at oral argument. A certificate of service that complies with rule 9.420(d) and that reflects service pursuant to this subdivision shall accompany the motion and shall be taken as prima facie proof of the date of service pursuant to this subdivision. A certificate of filing pursuant to subdivision (b)(4) of this rule shall also accompany the motion, but should remain undated and unsigned at the time of the initial service pursuant to this subdivision.

**(4)    [No change]**

**(5)    Response.** A party against whom sanctions are sought may serve 1 response to the motion within ~~10~~15 days of the final service of the motion. The court may shorten or extend the time for response to the motion.

## Committee Notes

[No change]