# Supreme Court of Florida

---

No. SC22-1125

---

**IN RE: AMENDMENTS TO FLORIDA RULES OF JUVENILE PROCEDURE 8.245, 8.250, AND FORM 8.961.**

March 23, 2023

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules of Juvenile Procedure. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Florida Bar's Juvenile Court Rules Committee (Committee) filed a report proposing amendments to rules 8.245 (Discovery) and 8.250 (Examinations, Evaluation, and Treatment), and form 8.961 (Shelter Order). The Committee and the Board of Governors of The Florida Bar approved the proposed amendments. The Committee published its proposal for comment prior to filing it with the Court, and no comments were received. After the Committee filed its

report, the Court published the proposal for comment, and no comments were received.

Having considered the proposed amendments, the Court hereby amends Florida Rules of Juvenile Procedure 8.245 and 8.250, and form 8.961 as proposed by the Committee. The more significant amendments are discussed below.

First, rule 8.245 is amended to add the phrase "whether stored in paper or electronic format" to clarify that the rule applies to electronic discovery. The time period for serving a notice of the intent to serve a subpoena is changed from 5 days to 10 days, and "or email" is added to indicate that email service of the subpoena is allowable. Additionally, 10 days is modified to 15 days for service by mail. These changes are in response to *In re Amendments to the Florida Rules of Civil Procedure, the Florida Rules of Judicial Administration, the Florida Rules of Criminal Procedure, and the Florida Rules of Appellate Procedure—Electronic Service*, 257 So. 3d 66 (Fla. 2018), which amended rules 2.514(b) and 2.516(b)(1)(D)(iii) to exclude email service from being treated as service by mail for computation of time and having an additional 5 days' time for service.

Next, rule 8.250 is amended to provide greater clarity and compliance with section 39.521, Florida Statutes (2022). Subdivision (b) is divided into two subdivisions, (b)(1) and (b)(2), to distinguish between pre- and post-dependency adjudication evaluations. New subdivisions (b)(1)(A) and (B) explain that a physical or mental examination and substance abuse assessment or evaluation may be ordered for a person who has or is requesting custody of a child. New subdivisions (b)(2)(A) and (B) explain such examinations may be ordered after a dependency adjudication and the court can require the person to comply with treatments identified as necessary.

Finally, form 8.961 is amended to add a paragraph to allow the court to indicate whether the parents/legal custodians that are active-duty military members were notified of the entitlement to certain protections under the Servicemember Civil Relief Act.

Accordingly, we amend the Florida Rules of Juvenile Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective July 1, 2023, at 12:01 a.m.

- 3 -

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Juvenile Procedure

Stephanie C. Zimmerman, Chair, Juvenile Court Rules Committee, Bradenton, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Michael Hodges, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

**Appendix**

**RULE 8.245.    DISCOVERY**

   **(a)    Scope of Discovery.** Unless otherwise limited by the court in accordance with these rules, the scope of discovery is as follows:

   (1)    *In General.* Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things, whether stored in a paper or electronic format, and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the hearing if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

   (2)    *Claims of Privilege or Protection of Trial Preparation Materials.* When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party ~~shall~~must make the claim expressly and describe the nature of the document, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will allow other parties to assess the applicability of the privilege or protection.

   **(b)    Required Disclosure.**

   (1)    At any time after the filing of a shelter petition, a petition alleging a child to be a dependent child, or a petition for termination of parental rights, on written demand of any party, the party to whom the demand is directed ~~shall~~must disclose and permit inspecting, copying, testing, or photographing matters material to the cause. If the child had no living parent with intact parental rights at the time the dependency allegations arose, then

the person who was serving as the legal custodian of the child at that time is entitled to obtain discovery during the pendency of a shelter or dependency petition.

(2)     The following information shallmust be disclosed by any party on demand:

(A) – (E) [NO CHANGE]

(3)     The disclosures required by subdivision (ab)[1] of this rule shallmust be made within 10 days from the receipt of the demand for them. Disclosure may be made by allowing the requesting party to review the files of the party from whom discovery is requested after redaction of nondiscoverable information.

**(c)     Limitations on Disclosure.**

(1)     [NO CHANGE]

(2)     Disclosure shallmust not be required of legal research or of records, correspondence, or memoranda, to the extent that they contain the opinion, theories, or conclusions of the parties' attorneys or members of their legal staff.

**(d)     Production of Documents and Things for Inspection and Other Purposes.**

(1)     *Request; Scope.* Any party may request any other party

(A)     to produce and permit the party making the request, or someone acting on the requesting party's behalf, to inspect and copy any designated documents, including writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained, translated, if necessary, whether stored in paper or electronic format, by the party to whom the request is directed through detection devices into reasonably usable form, that constitute or contain matters within the scope of subdivision (a) and that are in

the possession, custody, or control of the party to whom the request is directed; and

(B)    [NO CHANGE]

(2)    *Procedure.* Without leave of court the request may be served on the petitioner after commencement of proceedings and on any other party with or after service of the summons and initial petition on that party. The request ~~shall~~must set forth the items to be inspected, either by individual item or category, and describe each item and category with reasonable particularity. The request ~~shall~~must specify a reasonable time, place, and manner of making the inspection or performing the related acts. The party to whom the request is directed ~~shall~~must serve a written response within 15 days after service of the request, except that a respondent may serve a response within 30 days after service of the process and initial pleading on that respondent. The court may allow a shorter or longer time. For each item or category the response ~~shall~~must state that inspection and related activities will be permitted as requested unless the request is objected to, in which event the reasons for the objection ~~shall~~must be stated. If an objection is made to part of an item or category, the part ~~shall~~must be specified. When producing documents, the producing party ~~shall~~must either produce them as they are kept in the usual course of business or ~~shall~~must identify them to correspond with the categories in the request. The party submitting the request may move for an order under subdivision (k) concerning any objection, failure to respond to the request, or any part of it, or failure to permit inspection as requested.

(3)    [NO CHANGE]

(4)    *Filing of Documents.* Unless required by the court, a party ~~shall~~must not file any of the documents or things produced with the response. Documents or things may be filed only when they should be considered by the court in determining a matter pending before the court.

**(e)    Production of Documents and Things Without Deposition.**

- 7 -

(1)    [NO CHANGE]

(2)    *Procedure.* A party desiring production under this rule ~~shall~~must serve notice on every other party of the intent to serve a subpoena under this rule at least ~~5~~10 days before the subpoena is issued if service is by delivery or email and ~~10~~15 days before the subpoena is issued if service is by mail. The proposed subpoena ~~shall~~must be attached to the notice and ~~shall~~must state the time, place, and method for production of the documents or things, and the name and address of the person who is to produce the documents or things, if known, and if not known, a general description sufficient to identify the person or the particular class or group to which the person belongs; ~~shall~~must include a designation of the items to be produced; and ~~shall~~must state that the person who will be asked to produce the documents or things has the right to object to the production under this rule and that the person will not be required to surrender the documents or things. A copy of the notice and proposed subpoena ~~shall~~must not be furnished to the person on whom the subpoena is to be served. If any party serves an objection to production under this rule within 10 days of service of the notice, the documents or things ~~shall~~must not be produced under this rule and relief may be obtained under subdivision (g).

(3)    *Subpoena.* If no objection is made by a party under subdivision (e)(2), an attorney of record in the action may issue a subpoena or the party desiring production ~~shall~~must deliver to the clerk for issuance a subpoena and a certificate of counsel or pro se party that no timely objection has been received from any party. The clerk ~~shall~~must issue the subpoena and deliver it to the party desiring production. The subpoena ~~shall~~must be identical to the copy attached to the notice, ~~shall~~must specify that no testimony may be taken, and ~~shall~~must require only production of the documents or things specified in it. The subpoena may give the recipient an option to deliver or mail legible copies of the documents or things to the party serving the subpoena. The person on whom the subpoena is served may condition the preparation of copies on the payment in advance of the reasonable costs of preparing the copies. The subpoena ~~shall~~must require production only in the

county of the residence of the custodian or other person in possession of the documents or things or in the county where the documents or things are located or where the custodian or person in possession usually conducts business. If the person on whom the subpoena is served objects at any time before the production of the documents or things, the documents or things ~~shall~~must not be produced under this rule, and relief may be obtained under subdivision (g).

(4)     *Copies Furnished.* If the subpoena is complied with by delivery or mailing of copies as provided in subdivision (e)(3), the party receiving the copies ~~shall~~must furnish a legible copy of each item furnished to any other party who requests it on the payment of the reasonable cost of preparing the copies.

(5)     [NO CHANGE]

**(f)**     [NO CHANGE]

**(g)     Depositions.**

(1)     *Time and Place.*

(A)     [NO CHANGE]

(B)     The deposition ~~shall~~must be taken in a building in which the adjudicatory hearing may be held, in another place agreed on by the parties, or where the trial court may designate by special or general order. A resident of the state may be required to attend an examination only in the county in which he or she resides, is employed, or regularly transacts business in person.

(2)     *Procedure.*

(A)     The party taking the deposition ~~shall~~must give written notice to each other party. The notice ~~shall~~must state the time and place the deposition is to be taken and the name of each person to be examined.

- 9 -

(B)     Subpoenas for taking depositions ~~shall~~must be issued by the clerk of the court, the court, or any attorney of record for a party.

(C)     [NO CHANGE]

(D)     Except as otherwise provided by this rule, the procedure for taking the deposition, including the scope of the examination and obtaining protective orders, ~~shall~~must be the same as that provided by the Florida Rules of Civil Procedure.

(3) – (5)     [NO CHANGE]

(6)     *Limitations on Use.* Except as provided in subdivision (3), no deposition ~~shall~~must be used or read in evidence when the attendance of the witness can be procured. If it appears to the court that any person whose deposition has been taken has absented himself or herself by procurement, inducements, or threats by or on behalf of any party, the deposition ~~shall~~must not be read in evidence on behalf of that party.

**(h)     Perpetuating Testimony Before Action or Pending Appeal.**

(1)     *Before Action.*

(A)     Petition. A person who desires to perpetuate the person's own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of the residence of any expected adverse party. The petition ~~shall~~must be titled in the name of the petitioner and ~~shall~~must show:

(i) – (v)     [NO CHANGE]

(B)     Notice and Service. The petitioner ~~shall~~must serve a notice on each person named in the petition as an expected adverse party, with a copy of the petition, stating that the petitioner will apply to the court at a time and place in the notice for an order described in the petition. At least 20 days before the date of the

hearing, the notice ~~shall~~must be served either within or without the county in the manner provided by law for serving of summons. However, if service cannot with due diligence be made on any expected adverse party named in the petition, the court may order service by publication or otherwise and ~~shall~~must appoint an attorney for persons not served in the manner provided by law for service of summons. The attorney ~~shall~~must represent the adverse party and, if he or she is not otherwise represented, ~~shall~~must cross-examine the deponent.

(C)    Order and Examination. If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it ~~shall~~must make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the deposition ~~shall~~must be taken on oral examination or written interrogatories. The deposition may then be taken in accordance with these rules and the court may make orders in accordance with the requirements of these rules. For the purpose of applying these rules to depositions for perpetuating testimony, each reference in them to the court in which the action is pending ~~shall~~must be deemed to refer to the court in which the petition for the deposition was filed.

(D)    [NO CHANGE]

(2)    *Pending Appeal.* If an appeal has been taken from a judgment of any court or before the taking of an appeal if the time for it has not expired, the court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in further proceedings in the court. In such case, the party who desires to perpetuate the testimony may move for leave to take the deposition on the same notice and service as if the action were pending in the court. The motion ~~shall~~must show the names and addresses of persons to be examined, the substance of the testimony expected to be elicited from each, and the reasons for perpetuating the testimony. If the court finds that the perpetuation is proper to avoid a failure or delay in justice, it may make orders as provided for by this rule and

- 11 -

the deposition may then be taken and used in the same manner and under the same conditions as are prescribed in these rules for depositions taken in actions pending in the court.

(3)    [NO CHANGE]

**(i)**    [NO CHANGE]

**(j)    Supplemental Discovery.** If, subsequent to compliance with these rules, a party discovers additional witnesses, evidence, or material that the party would have been under a duty to disclose or produce at the time of the previous compliance, the party ~~shall~~must promptly disclose or produce such witnesses, evidence, or material in the same manner as required under these rules for initial discovery.

**(k)**    [NO CHANGE]

## Committee Notes

[NO CHANGE]

## RULE 8.250. EXAMINATIONS, EVALUATION, AND TREATMENT

**(a)**    [NO CHANGE]

**(b)    Parent, Legal Custodian, or Other Person who has Custody or is Requesting Custody.**

(1)    *Pre-Dependency Adjudication.*

(A)    Physical or Mental Examination. ~~At any time after the filing of a shelter, dependency, or termination of parental rights petition, or after an adjudication of dependency or a finding of dependency when adjudication is withheld, when~~Before a dependency adjudication, if the mental or physical condition, including the blood group, of a parent, legal custodian, or other person who has custody or is requesting custody of a child is in controversy, any party may request the court to order the person to

submit to a physical or mental examination ~~or a substance abuse evaluation or assessment~~by a qualified professional on a showing of good cause.

(B)     Substance Abuse Assessment or Evaluation. Before a dependency adjudication, the court may order a person who has custody or is requesting custody of the child to submit to a substance abuse assessment or evaluation by a qualified professional on a showing of good cause.

(2)     *Post-Dependency Adjudication.*

(A)     Physical or Mental Examination. After a dependency adjudication, the court, on request of any party, may require the person who has custody or who is requesting custody of the child to submit to a physical or mental health examination. The order may be made only on good cause shown. The mental health examination must be administered by a qualified professional as defined by law. The court may also require such person to participate in and comply with treatment and services identified as necessary, including, when appropriate and available, participation in and compliance with a mental health court program established by law.

(B)     Substance Abuse Assessment or Evaluation. After a dependency adjudication, the court, on request of any party, may require the person who has custody or who is requesting custody of the child to submit to a substance abuse assessment or evaluation. The order may be made only on good cause shown. The substance abuse assessment or evaluation must be administered by a qualified professional as defined by law. The court may also require such person to participate in and comply with treatment and services identified as necessary, including, when appropriate and available, participation in and compliance with a treatment-based drug court program established by law. Adjudication of a child as dependent based on evidence of harm as defined by law demonstrates good cause, and the court must require the parent whose actions caused the harm to submit to a substance abuse disorder assessment or evaluation and to participate and comply

- 13 -

with treatment and services identified in the assessment or evaluation as being necessary.

(3)     *Notice.* The order may be made only ~~on good cause shown and~~ after notice to the person to be examined, assessed, or evaluated, and to all parties and ~~shall~~must specify the time, place, manner, conditions, and scope of the examination, assessment, or evaluation and the person or persons by whom it is to be made.

(4)     *Hearing to Quash.* The person whose examination, assessment, or evaluation is ~~sought~~requested may~~, after receiving notice, of the request for an examination~~ request a hearing seeking to quash the request after receiving notice of the request. Any written or oral motion must advise the person whose examination, assessment, or evaluation is sought of the person's right to request a hearing seeking to quash the request.

(5)     *Court's Own Motion.* The court may, on its own motion and after notice, order a parent, legal custodian, or other person who has custody or is requesting custody to undergo ~~such~~a physical or mental examination or a substance abuse evaluation or assessment, treatment, or counseling activities as authorized by law and this rule.

**Committee Notes**

[NO CHANGE]

- 14 -

# FORM 8.961.   SHELTER ORDER

ORDER FOR PLACEMENT IN SHELTER

THIS CAUSE came on to be heard under chapter 39, Florida Statutes, on the sworn AFFIDAVIT AND PETITION FOR PLACEMENT IN SHELTER CARE filed by .....(petitioner's name)....., on .....(date)...... The following persons appeared before the court:

.....   Petitioner   .........

.....   Petitioner's attorney   .........

.....   Mother   ...........

.....   Father(s)   .........

.....   Legal custodian(s)   .........

.....   Guardian ad litem   .........

.....   GAL attorney   .........

.....   Attorney for the Child   .........

.....   Other:   .........

COMMENT: The name of the guardian ad litem and the attorney ad litem, if appointed, must be listed on the order, even if he or she was not present at the hearing.

and the Court having reviewed its file and having been otherwise duly advised in the premises finds as follows:

1.      The minor child(ren), .........., was/were found within the jurisdiction of this court and is/are of an age subject to the jurisdiction of this court.

2.      **PLACEMENT IN SHELTER.**

.....   The minor child(ren) was/were placed in shelter on .....(date)..... at .......... a.m./p.m. by .....(name)....., a duly authorized agent of the department.

.....   The minor child(ren) need(s) to be placed in shelter at the request of the petitioner for the reasons stated in this order.

3.      **PARENTS/CUSTODIANS.** The parents/custodians of the minor child(ren) are:

|          | Name      | Address   |
|----------|-----------|-----------|
| Mother:  | .......... | .......... |

Father of .....(child's name).....:

.......... .......... 

Other: .....(relationship and to which child).....

.......... ..........

4. **INABILITY TO NOTIFY AND/OR LOCATE PARENTS/CUSTODIANS.** The petitioner has made a good faith effort to notify and/or locate, but was unable to notify and/or locate .....(name(s))....., a parent or legal custodian of the minor child(ren).

5. **NOTIFICATION.** Each parent/legal custodian not listed in #4 above was:

..... duly notified that the child(ren) was/were taken into custody;

..... duly notified to be present at this hearing;

..... served with a statement setting forth a summary of procedures involved in dependency cases;

..... notified that if they are on active military duty, they may have the right to certain protections under the Servicemember Civil Relief Act (50 U.S.C. ss. 3901 et seq.);

..... advised of their right to counsel; and

..... was represented by counsel, .....(name).....

..... knowingly, voluntarily, and intelligently waived the right; or

..... the court declined to accept the waiver because ..........

..... requested appointment of counsel, but the court declined appointment because he/she did not qualify as indigent.

..... requested appointment of counsel and counsel was appointed.

6. **PROBABLE CAUSE.**

..... Based on the allegations in the Affidavit and Petition for Placement in Shelter, there is probable cause to believe that the child(ren) is/are dependent based on allegations of abuse, abandonment, or neglect or substantial risk of same.

..... A finding of probable cause cannot be made at this time and the court requires additional information to determine the risk to the child(ren). The following information must be provided to the court during the

continuation of this hearing: .....(information to be provided)...... This hearing is continued for 72 hours, until .....(date and time)...... The children will remain in shelter care.

7. **NEED FOR PLACEMENT.** Placement of the child(ren) in shelter care is in the best interest of the child(ren). Continuation in the home is contrary to the welfare of the child(ren) because the home situation presents a substantial and immediate danger which cannot be mitigated by the provision of preventive services and placement is necessary to protect the child(ren) as shown by the following facts:

..... the child(ren) was/were abused, abandoned, or neglected, or is/are suffering from or in imminent danger of injury or illness as a result of abuse, abandonment, or neglect, specifically: ..........

..... the custodian has materially violated a condition of placement imposed by the court, specifically: ..........

..... the child(ren) has/have no parent, legal custodian, or responsible adult relative immediately known and available to provide supervision and care, specifically: ..........

8. **REASONABLE EFFORTS.**

..... Reasonable efforts to prevent or eliminate the need for removing the child(ren) from the home have been made by the department, which provided the following services to the family: ..........

..... The following specific services, if available, could prevent or eliminate the need for removal or continued removal of the child from the home ..........

..... The date these services are expected to be available is ..........

..... The department is deemed to have made reasonable efforts to prevent or eliminate the need for removal from the home because:

..... The first contact with the department occurred during an emergency.

..... The appraisal of the home situation by the department indicates a substantial and immediate danger to the child(ren) which cannot be mitigated by the provision of preventive services.

..... The child(ren) cannot safely remain at home because no services exist that can ensure the safety of the child(ren). Services are not available because ..........

..... Even with appropriate services, the child(ren)'s safety cannot be ensured.

..... The department has made reasonable efforts to keep siblings together after the removal from the home. The reasonable efforts of the department were ..........

..... It is not in the best interest of each child that all the siblings be placed together in out-of-home care because ..........

9. **RELATIVE PLACEMENT.**

..... The court asked any parents present whether the parents have relatives that might be considered as a placement for the child(ren).

..... The court advised any parents present that the parents have a continuing duty to inform the department of any relative who should be considered for placement of the child.

..... By this order, the court notifies the relatives who are providing out-of-home care for the child(ren) of the right to attend all subsequent hearings, to submit reports to the court, and to speak to the court regarding the child(ren), if they so desire.

It is, therefore, ORDERED AND ADJUDGED, as follows:

..... 1. The child(ren) shall remain/be placed in the shelter custody of:

..... the department, with the department having the discretion to shelter the child(ren) with a relative or other responsible adult on completion of a positive homestudy, abuse registry, and criminal background checks. The department shall have placement and care responsibility while the child(ren) is/are under protective supervision in an out-of-home placement.

..... all the children shall be placed together in a foster home if available.

..... a foster home is not available for all the children because ..........

..... placement of all the children in the same foster home is not in the best interest of the child(ren) .....(identify the child(ren))..... because ..........

..... Other: ..........

2. The child(ren) ..... may ..... may not be returned to the parent/custodian without further order of this court.

3.     a.     The Guardian Ad Litem Program is appointed.

      b.     An attorney shall be appointed for ..........,

.....     the child/children has/have special needs as defined in section 39.01305, Florida Statutes.

.....     it is necessary.

4.     The parents, within 28 days of the date of this order, shall provide to the department the information necessary to accurately calculate child support under section 61.30, Florida Statutes. The parents shall pay child support in accordance with Florida Statutes.

5.     The legal custodian, or in the absence of the legal custodian, the department and its agents, are hereby authorized to provide consent for and to obtain ordinary and necessary medical and dental treatment and examination for the above child(ren) including blood testing deemed medically appropriate, and necessary preventive care, including ordinary immunizations and tuberculin testing.

6.     Visitation with the child(ren) shall be as follows:

By the parents ..........

Between the sibling children ..........

Visitation or interaction between the children .....(identify child(ren))..... is not ordered as it will be contrary to the safety or well-being of .....(identify child(ren)) because ..........

7.     The parents shall provide to the court and all parties identification and location information regarding potential relative placements.

8.     The relatives who are providing out-of-home care for the child(ren) have the right to attend all subsequent hearings, to submit reports to the court, and to speak to the court regarding the child(ren), if they so desire.

9.     **THE COURT ADVISED THE PARENTS:**

      **A.     TO TAKE ACTION TO COMPLY WITH THE CASE PLAN SO PERMANENCY WITH THE CHILD MAY OCCUR WITHIN THE SHORTEST PERIOD OF TIME POSSIBLE, BUT NO LATER THAN 1 YEAR AFTER REMOVAL OR ADJUDICATION OF THE CHILD.**

      **B     TO STAY IN CONTACT WITH THEIR ATTORNEY AND THEIR CASE MANAGER AND PROVIDE UPDATED CONTACT**

**INFORMATION IF THE PARENTS' PHONE NUMBER, ADDRESS, OR E-MAIL ADDRESS CHANGES.**

**C.     TO NOTIFY THE PARTIES AND THE COURT OF BARRIERS TO COMPLETING CASE PLAN TASKS WITHIN A REASONABLE TIME AFTER DISCOVERING SUCH BARRIERS.**

**D.     THAT IF THE PARENTS FAIL TO SUBSTANTIALLY COMPLY WITH THE CASE PLAN THEIR PARENTAL RIGHTS MAY BE TERMINATED AND THE CHILD(REN)'S OUT-OF-HOME PLACEMENT MAY BECOME PERMANENT.**

10.     Special conditions: ..........

11.     This court retains jurisdiction over this matter to enter any other and further orders as may be deemed to be in the best interest and welfare of this/these child(ren).

12.     If a Petition for Dependency is subsequently filed in this cause, the **Arraignment Hearing is scheduled for .....(date)....., at .......... a.m./p.m. at .....(location of arraignment)...... The parents have a right to be represented by an attorney at the arraignment hearing and during the dependency proceedings.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, telephone  number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

ORDERED in .......... County, Florida on .....(date)....., at .......... a.m./p.m.

_____
Circuit Judge