# Supreme Court of Florida

-------

No. SC2023-0033

-------

## IN RE: AMENDMENTS TO THE FLORIDA RULES OF APPELLATE PROCEDURE.

August 31, 2023

PER CURIAM.

This matter is before the Court for the consideration of proposed amendments to the Florida Rules of Appellate Procedure. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Florida Bar's Appellate Court Rules Committee filed a report proposing amendments to rules 9.030 (Jurisdiction of Courts), 9.040 (General Provisions), 9.100 (Original Proceedings), 9.110 (Appeal Proceedings to Review Final Orders of Lower Tribunals and Orders Granting New Trial in Jury and Nonjury Cases), 9.120 (Discretionary Proceedings to Review Decisions of District Courts of Appeal), 9.130 (Proceedings to Review Nonfinal Orders and Specified Final Orders), 9.160 (Discretionary

Proceedings to Review Decisions of County Courts), 9.170 (Appeal Proceedings in Probate and Guardianship Cases), 9.360 (Parties), and 9.430 (Proceedings by Indigents).  Both the Committee and the Board of Governors of The Florida Bar approved the proposed amendments.  The Committee published its proposals for comment before filing its report with the Court.  No comments were received by the Committee, and no comments were received by the Court following publication by the Court in the March 1, 2023, edition of *The Florida Bar News.*

After considering the Committee's proposals, we adopt the Committee's amendments as proposed, except for the proposed amendments to rules 9.030(a)(1), 9.030(b)(1), and 9.030(c)(1), which we decline to adopt, and to rule 9.360(a), which we adopt with modifications.  We discuss the rule amendments below.

In general, revisions are made throughout the subject rules to simplify language consistent with *In re Guidelines for Rules Submissions*, Fla. Admin. Order No. AOSC22-78 (Fla. Oct. 24, 2022).  Such changes include updating "shall" to "must" or "will," updating "prior to" to "before," and updating "pursuant to" to "under."  We decline to adopt these proposed changes only for

subdivisons (a)(1), (b)(1), and (c)(1) of rule 9.030, because doing so would create conflict between the text of these rules and the Florida Constitution.[1]

In addition, to maintain consistency, we amend the rules where applicable with these terms: "clerk of the circuit court" is used where the circuit court is the lower tribunal; "clerk of the district court of appeal" is used where the district court of appeal is the lower tribunal; "clerk of the lower tribunal" is used where the lower tribunal could be the county court, circuit court, an administrative agency, or even the district court of appeal; and "clerk of the court" is used where the clerk being referenced is the clerk of the appellate court. And also where applicable, the rules are amended to remove language providing that an appellate court's jurisdiction must be invoked by filing the notice with "any filing fees

_____

1. The Committee's proposal recommends changing "shall" to "must" in these three subdivisions. But article V of the Florida Constitution uses "shall" instead of "must" when setting out the mandatory appellate jurisdiction of Florida courts. *See* art. V, §§ 3(b)(1)-(2), 4(b)(1)-(2), 5(b), Fla. Const. In this circumstance, and those like it that may arise in the future, the text of a procedural rule should match the constitutional text, even if our Guidelines suggest otherwise.

prescribed by law, with the clerk of the lower tribunal," because, as clarified in rule 9.040, filing fee defects are not jurisdictional.

Subdivision (b)(4) of rule 9.030 is amended to conform with section 34.017(1), Florida Statutes, to clarify that district courts of appeal, in their discretion, may review by appeal final county court orders, otherwise appealable to the circuit court, when the county court certifies that the order may involve a question of statewide application, which is either of great public importance or will affect the uniform administration of justice. Comparable changes are also made to rule 9.160.

Next, subdivision (e) of rule 9.130 is amended to correct a discrepancy between the filing deadlines for serving the initial brief in a nonfinal appeal and the deadline for serving a notice of intent to cross-appeal. Under the current rule, effective in 2019, both deadlines fall on the same day: fifteen days after the filing of the notice of appeal. Subdivision (e) is amended to add back the five-day buffer that was previously built in before subdivision (g) was amended to increase from ten to fifteen days the deadline for appellees to serve the notice of intent to cross-appeal following

service of the notice of appeal. *See In re Amends. to Fla. Rules of Civ. Proc.*, 257 So. 3d 66, 69 (Fla. 2018).

Lastly, with modification to the Committee's proposal, we amend rule 9.360. In subdivision (a), we clarify that a notice of joinder for realignment must be filed in the appellate court by adding the phrase "in the appellate court" to the provision. This clarification should eliminate a party's need to cross-reference other rules to determine in which court a party needs to file a notice of joinder.

Accordingly, the Florida Rules of Appellate Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments will become effective on January 1, 2024, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure

Elaine D. Walter, Chair, Appellate Court Rules Committee, Miami, Florida, Hon. Andrew D. Manko, Past Chair, Appellate Court Rules Committee, Tallahassee, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

**APPENDIX**

**RULE 9.030.    JURISDICTION OF COURTS**

**(a)    [No changes]**

**(b)    Jurisdiction of District Courts of Appeal.**

(1)-(3)    [No changes]

(4)    *Discretionary Review.*[10] District courts of appeal, in their discretion, may review by appeal final orders of the county court, otherwise appealable to the circuit court by general law, that the county court has certified to beinvolve a question that may have statewide application and that:

(A)    is of great public importance; or

(B)    will affect the uniform administration of justice.

**(c)    [No changes]**

**Committee Notes**

**[No changes]**

**RULE 9.040.    GENERAL PROVISIONS**

**(a)    Complete Determination.** In all proceedings a court shallwill have such jurisdiction as may be necessary for a complete determination of the cause.

**(b)    Forum.**

(1)    If a proceeding is commenced in an inappropriate court, that court ~~shall~~will transfer the cause to an appropriate court.

(2)    After a lower tribunal renders an order transferring venue, the appropriate court to review otherwise reviewable nonfinal orders is as follows:

(A)    After rendition of an order transferring venue, the appropriate court to review the nonfinal venue order, all other reviewable nonfinal orders rendered ~~prior to~~before or simultaneously with the venue order, any order staying, vacating, or modifying the transfer of venue order, or an order dismissing a cause for failure to pay venue transfer fees, is the court that would review nonfinal orders in the cause, had venue not been transferred.

(B)    [No changes]

(C)    The clerk of the lower tribunal whose order is being reviewed ~~shall~~will perform the procedures required by these provisions regarding transfer of venue, including accepting and filing a notice of appeal. If necessary to facilitate nonfinal review, after an order transferring venue has been rendered, the clerk of the lower tribunal ~~shall~~must copy and retain such portions of the record as are necessary for review of the nonfinal order. If the file of the cause has been transferred to the transferee tribunal before the notice of appeal is filed in the transferring tribunal, the clerk of the transferee tribunal ~~shall~~must copy and transmit to the transferring tribunal such portions of the record as are necessary for review of the nonfinal order.

**(c)    Remedy.** If a party seeks an improper remedy, the cause ~~shall~~must be treated as if the proper remedy had been sought; provided that it ~~shall~~will not be the responsibility of the court to seek the proper remedy.

**(d)-(e)    [No changes]**

- 8 -

**(f)** **Filing Fees and other Non-Jurisdictional Matters.** Filing fees may be paid by ~~check or money order~~any method accepted by the clerk or the court. Failure to submit filing fees timely or timely file additional copies of notices, petitions, or orders designated in the notice of appeal will not be jurisdictional; provided that such failure may be the subject of appropriate sanction.

**(g)** **Clerks' Duties.** On filing of a notice prescribed by these rules, the clerk of the lower tribunal ~~shall~~must forthwith transmit the fee and a certified copy of the notice, showing the date of filing, to the court. If jurisdiction has been invoked under rule 9.030(a)(2)(A)(v) or (a)(2)(A)(vi), or if a certificate has been issued by a district court of appeal under rule 9.030(a)(2)(B), the clerk of the district court of appeal ~~shall~~must transmit copies of the certificate and decision or order and any suggestion, replies, or appendices with the certified copy of the notice. Notices to review final orders of county and circuit courts in civil cases ~~shall~~must be recorded.

**(h)** ~~**Non-Jurisdictional Matters**.~~ ~~Failure of a clerk or a party timely to file fees or additional copies of notices or petitions or the conformed copy of the order or orders designated in the notice of appeal shall not be jurisdictional; provided that such failure may be the subject of appropriate sanction.~~

~~(i)~~ **Requests to Determine Confidentiality of Appellate Court Records.** Requests to determine the confidentiality of appellate records are governed by Florida Rule of General Practice and Judicial Administration 2.420.

~~(j)~~i **Public Availability of Written Opinions.** Except for written opinions determined to be confidential under Florida Rule of General Practice and Judicial Administration 2.420, the court ~~shall~~must make publicly available on the court's website all written opinions entered on an appeal or petition. Each written opinion made publicly available ~~shall~~must be text searchable and in a Portable Document Format ("PDF").

**Committee Notes**

**[No changes]**

- 9 -

**RULE 9.100.   ORIGINAL PROCEEDINGS**

    **(a)    [No changes]**

    **(b)    Commencement; Parties.** The original jurisdiction of the court ~~shall~~must be invoked by filing a petition~~, accompanied by any filing fees prescribed by law,~~ with the clerk of the court having jurisdiction. The parties to the proceeding ~~shall~~will be as follows:

        (1)    If the petition seeks review of an order entered by a lower tribunal, all parties to the proceeding in the lower tribunal who are not named as petitioners ~~shall~~will be named as respondents.

        (2)    If the original jurisdiction of the court is invoked to enforce a private right, the proceedings ~~shall~~will not be brought on the relation of the state.

        (3)    The following officials ~~shall~~must not be named as respondents to a petition, but a copy of the petition ~~shall~~must be served on the official who issued the order that is the subject of the petition:

            (A)    judges of lower tribunals ~~shall~~must not be named as respondents to petitions for certiorari;

            (B)    individual members of agencies, boards, and commissions of local governments ~~shall~~must not be named as respondents to petitions for review of quasi-judicial action; and

            (C)    officers presiding over administrative proceedings, such as hearing officers and administrative law judges, ~~shall~~must not be named as respondents to petitions for review of nonfinal agency action.

    **(c)    Petitions for Certiorari; Review of Nonfinal Agency Action; Review of Prisoner Disciplinary Action.** The following

~~shall~~must be filed within 30 days of rendition of the order to be reviewed:

      (1)-(4)    [No changes]

**(d)    Orders Excluding or Granting Access to Press or Public.**

      (1)    A petition to review an order excluding the press or public from, or granting the press or public access to, any proceeding, any part of a proceeding, or any records of the judicial branch, ~~shall~~must be filed in the court as soon as practicable following rendition of the order to be reviewed, if written, or announcement of the order to be reviewed, if oral, but no later than 30 days after rendition of the order. A copy of the petition ~~shall~~must be furnished to the person (or chairperson of the collegial administrative agency) issuing the order, the parties to the proceeding, and any affected non-parties, as defined in Florida Rule of General Practice and Judicial Administration 2.420.

      (2)    The court ~~shall~~must immediately consider the petition to determine whether a stay of proceedings in the lower tribunal or the order under review is appropriate and, on its own motion or that of any party, the court may order a stay on such conditions as may be appropriate. Any motion to stay an order granting access to a proceeding, any part of a proceeding, or any records of the judicial branch made under this subdivision must include a signed certification by the movant that the motion is made in good faith and is supported by a sound factual and legal basis. Pending the court's ruling on the motion to stay, the clerk of the court and the lower tribunal ~~shall~~must treat as confidential those proceedings or those records of the judicial branch that are the subject of the motion to stay.

      (3)    Review of orders under this subdivision ~~shall~~must be expedited.

**(e)    Petitions for Writs of Mandamus and Prohibition Directed to a Judge or Lower Tribunal.** When a petition for a writ

- 11 -

of mandamus or prohibition seeks a writ directed to a judge or lower tribunal, the following procedures apply:

(1) *Caption.* The name of the judge or lower tribunal ~~shall~~must be omitted from the caption. The caption ~~shall~~must bear the name of the petitioner and other parties to the proceeding in the lower tribunal who are not petitioners ~~shall~~must be named in the caption as respondents.

(2) [No changes]

(3) *Response.* Following the issuance of an order pursuant to subdivision (h), the responsibility for responding to a petition is that of the litigant opposing the relief requested in the petition. Unless otherwise specifically ordered, the judge or lower tribunal has no obligation to file a response. The judge or lower tribunal retains the discretion to file a separate response should the judge or lower tribunal choose to do so. The absence of a separate response by the judge or lower tribunal ~~shall~~will not be deemed to admit the allegations of the petition.

**(f)  Review Proceedings in Circuit Court.**

(1) [No changes]

(2) *Caption.* The caption ~~shall~~must contain a statement that the petition is filed pursuant to this subdivision.

(3) *Duties of the ~~Circuit Court~~ Clerk of the Circuit Court.* When a petition prescribed by this subdivision is filed, the ~~circuit court~~ clerk of the circuit court ~~shall~~must forthwith transmit the petition to the administrative judge of the appellate division, or other appellate judge or judges as prescribed by administrative order, for a determination as to whether an order to show cause should be issued.

(4) *Default.* The clerk of the circuit court ~~shall~~will not enter a default in a proceeding where a petition has been filed pursuant to this subdivision.

**(g)    Petition.** The petition must be accompanied by any required filing fee except as provided in rule 9.430 for proceedings by indigents. The caption ~~shall~~must contain the name of the court and the name and designation of all parties on each side. The petition ~~shall~~must not exceed 13,000 words if computer-generated or 50 pages if handwritten or typewritten and ~~shall~~must contain:

(1)-(4)    [No changes]

If the petition seeks an order directed to a lower tribunal, the petition ~~shall~~must be accompanied by an appendix as prescribed by rule 9.220, and the petition shall contain references to the appropriate pages of the supporting appendix.

**(h)    Order to Show Cause.** If the petition demonstrates a preliminary basis for relief, a departure from the essential requirements of law that will cause material injury for which there is no adequate remedy by appeal, or that review of final administrative action would not provide an adequate remedy, the court may issue an order either directing the respondent to show cause, within the time set by the court, why relief should not be granted or directing the respondent to otherwise file, within the time set by the court, a response to the petition. In prohibition proceedings, the issuance of an order directing the respondent to show cause ~~shall~~will stay further proceedings in the lower tribunal.

**(i)    Record.** A record ~~shall~~must not be transmitted to the court unless ordered.

**(j)    Response.** Within the time set by the court, the respondent may serve a response, which ~~shall~~must not exceed 13,000 words if computer-generated or 50 pages if handwritten or typewritten and which ~~shall~~must include argument in support of the response, appropriate citations of authority, and references to the appropriate pages of the supporting appendices.

**(k)    Reply.** Within 30 days thereafter or such other time set by the court, the petitioner may serve a reply, which ~~shall~~must not exceed 4,000 words if computer-generated or 15 pages if handwritten or typewritten, and supplemental appendix.

- 13 -

**Committee Notes**

**[No changes]**

**Court Commentary**

**[No changes]**

**RULE 9.110.    APPEAL PROCEEDINGS TO REVIEW FINAL ORDERS OF LOWER TRIBUNALS AND ORDERS GRANTING NEW TRIAL IN JURY AND NONJURY CASES**

**(a)    [No changes]**

**(b)    Commencement.** Jurisdiction of the court under this rule ~~shall~~must be invoked by filing a notice~~, accompanied by any filing fees prescribed by law,~~ with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed, except as provided in rule 9.140(c)(3).

**(c)    Exception; Administrative Action.** In an appeal to review final orders of lower administrative tribunals, the appellant ~~shall~~must file the notice with the clerk of the lower administrative tribunal within 30 days of rendition of the order to be reviewed, and ~~shall~~must also file a copy of the notice, accompanied by any filing fees prescribed by law, with the clerk of the court.

**(d)    Notice of Appeal.** The notice of appeal ~~shall~~must be substantially in the form prescribed by rule 9.900(a). The caption ~~shall~~must contain the name of the lower tribunal, the name and designation of at least 1 party on each side, and the case number in the lower tribunal. The notice ~~shall~~must contain the name of the court to which the appeal is taken, the date of rendition, and the nature of the order to be reviewed. Except in criminal cases, a conformed copy of the order or orders designated in the notice of appeal ~~shall~~must be attached to the notice together with any order entered on a timely motion postponing rendition of the order or orders appealed. If a motion postponing rendition ~~pursuant to~~under

rule 9.020(h) is pending when the notice of appeal is filed, the notice of appeal ~~shall~~must indicate the pendency of such a motion and the date it was filed. Within 10 days of either withdrawal of such a motion or rendition of the order being appealed, the appellant ~~shall~~must file in the court a notice indicating that the motion has been withdrawn or a conformed copy of the signed, written order disposing of the motion postponing rendition. The notice must be accompanied by any required filing fee except as provided in rule 9.430 for proceedings by indigents.

(e) **Record.** Within 50 days of filing the notice, the clerk of the lower tribunal ~~shall~~must prepare the record prescribed by rule 9.200 and serve copies of the index on all parties. Within 60 days of filing the notice, the clerk of the lower tribunal ~~shall~~must electronically transmit the record to the court or file a notice of inability to complete or transmit the record, specifying the reason. Any notice filed ~~shall~~must be served on all parties and, as necessary, on any court reporter.

(f) **Briefs.** The appellant's initial brief ~~shall~~must be served within 70 days of filing the notice. Additional briefs ~~shall~~must be served as prescribed by rule 9.210.

(g) **Cross-Appeal.** An appellee may cross-appeal by serving a notice within 15 days of service of the appellant's timely filed notice of appeal or within the time prescribed for filing a notice of appeal, whichever is later. The notice of cross-appeal~~, accompanied by any filing fees prescribed by law,~~ ~~shall~~must be filed either before service or immediately thereafter in the same manner as the notice of appeal. The notice of cross-appeal must be accompanied by any required filing fee except as provided in rule 9.430 for proceedings by indigents.

(h) **[No changes]**

(i) **Exception; Bond Validation Proceedings.** If the appeal is from an order in a proceeding to validate bonds or certificates of indebtedness, the record ~~shall~~will not be transmitted unless ordered by the supreme court. The appellant's initial brief, accompanied by an appendix as prescribed by rule 9.220, ~~shall~~must be served

- 15 -

within 20 days of filing the notice. Additional briefs ~~shall~~must be served as prescribed by rule 9.210.

**(j)** **Exception; Appeal Proceedings from District Courts of Appeal.** If the appeal is from an order of a district court of appeal, the clerk of the district court of appeal ~~shall~~must electronically transmit the record to the court within 60 days of filing the notice. The appellant's initial brief ~~shall~~must be served within 20 days of filing the notice. Additional briefs ~~shall~~must be served as prescribed by rule 9.210.

**(k)** **[No changes]**

**(*l*)** **Premature Appeals.** Except as provided in rule 9.020(h), if a notice of appeal is filed before rendition of a final order, the appeal ~~shall~~will be subject to dismissal as premature. However, the lower tribunal retains jurisdiction to render a final order, and if a final order is rendered before dismissal of the premature appeal, the premature notice of appeal ~~shall~~will ~~be considered effective to~~ vest jurisdiction in the court to review the final order. Before dismissal, the court in its discretion may grant the parties additional time to obtain a final order from the lower tribunal.

**(m)** **[No changes]**

**Committee Notes**

**[No changes]**

**Court Commentary**

**[No changes]**

**RULE 9.120.** **DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS OF DISTRICT COURTS OF APPEAL**

**(a)** **[No changes]**

**(b)** **Commencement.** The jurisdiction of the supreme court described in rule 9.030(a)(2)(A) ~~shall~~must be invoked by filing a

notice~~, accompanied by any filing fees prescribed by law,~~ with the clerk of the district court of appeal within 30 days of rendition of the order to be reviewed.

**(c)** **Notice.** The notice ~~shall~~<u>must</u> be substantially in the form prescribed by rule 9.900. The caption ~~shall~~<u>must</u> contain the name of the lower tribunal, the name and designation of at least 1 party on each side, and the case number in the lower tribunal. The notice ~~shall~~<u>must</u> contain the date of rendition of the order to be reviewed and the basis for invoking the jurisdiction of the supreme court. <u>The notice must be accompanied by any required filing fee except as provided in rule 9.430 for proceedings by indigents.</u>

**(d)** **Briefs on Jurisdiction.** The petitioner's brief, with the argument section limited solely to the issue of the supreme court's jurisdiction, and accompanied by an appendix containing only a conformed copy of the decision of the district court of appeal, ~~shall~~<u>must</u> be served within 10 days of filing the notice to invoke the court's discretionary jurisdiction. The respondent's brief on jurisdiction ~~shall~~<u>must</u> be served within 30 days after service of petitioner's brief. Formal requirements for both briefs are specified in rule 9.210. No reply brief ~~shall~~<u>will</u> be permitted.

**(e)** **Accepting or Postponing Decision on Jurisdiction; Record.** If the supreme court accepts or postpones decision on jurisdiction, the court ~~shall~~<u>will</u> so order and advise the parties and the clerk of the district court of appeal. Within 25 days thereafter or such other time set by the court, the clerk <u>of the district court of appeal</u> ~~shall~~<u>must</u> electronically transmit the record. The clerk <u>of the district court of appeal</u> ~~shall~~<u>must</u> transmit separate Portable Document Format ("PDF") files of:

(1)-(3)    [No changes]

**(f)** **[No changes]**

**(g)** **Briefs on Merits.** Within 35 days of rendition of the order accepting or postponing decision on jurisdiction, the petitioner ~~shall~~<u>must</u> serve the initial brief on the merits. Additional

briefs, including any briefs on cross-review, ~~shall~~<u>must</u> be served as prescribed by rule 9.210.

**Committee Notes**

**[No changes]**

**RULE 9.130.   PROCEEDINGS TO REVIEW NONFINAL ORDERS AND SPECIFIED FINAL ORDERS**

**(a)   [No changes]**

**(b)   Commencement.** Jurisdiction of the court under subdivisions (a)(3)–(a)(5) of this rule shall be invoked by filing a notice~~, accompanied by any filing fees prescribed by law,~~ with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.

**(c)   Notice.** The notice, designated as a notice of appeal of nonfinal order, shall be substantially in the form prescribed by rule 9.900(c). Except in criminal cases, a conformed copy of the order or orders designated in the notice of appeal shall be attached to the notice. <u>The notice must be accompanied by any required filing fee except as provided in rule 9.430 for proceedings by indigents.</u>

**(d)   [No changes]**

**(e)   Briefs.** The appellant's initial brief, accompanied by an appendix as prescribed by rule 9.220, shall be served within ~~15~~<u>20</u> days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.

**(f)   [No changes]**

**(g)   Cross-Appeal.** An appellee may cross-appeal the order or orders designated by the appellant, to review any ruling described in subdivisions (a)(3)–(a)(5), by serving a notice within 15 days of service of the appellant's timely filed notice of appeal or within the time prescribed for filing a notice of appeal, whichever is later. A

- 18 -

notice of cross-appeal, ~~accompanied by any filing fees prescribed by law,~~ shall be filed either before service or immediately thereafter in the same manner as the notice of appeal. <u>The notice of cross-appeal must be accompanied by any required filing fee except as provided in rule 9.430 for proceedings by indigents.</u>

**(h) – (i)     [No changes]**

**Committee Notes**

**[No changes]**

### RULE 9.160.     DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS OF COUNTY COURTS

**(a)     [No changes]**

**(b)     Commencement.** Any appeal of ~~an~~ <u>final</u> order certified by the county court to ~~be~~<u>involve a question that may have statewide application, and that is</u> of great public importance <u>or will affect the uniform administration of justice,</u> must be taken to the district court of appeal. Jurisdiction of the district court of appeal under this rule ~~shall~~<u>must</u> be invoked by filing a notice and the order containing certification, ~~accompanied by any filing fees prescribed by law,~~ with the clerk of the lower tribunal. The time for filing the appeal ~~shall~~<u>will</u> be the same as if the appeal were being taken to the circuit court.

**(c)     Notice.** The notice ~~shall~~<u>must</u> be in substantially the form prescribed by rule 9.900(a) ~~or rule 9.900(c), depending on whether the order sought to be appealed is a final or a nonfinal order~~, except that such notice should refer to the fact of certification. ~~Except in criminal cases, a~~<u>A</u> conformed copy of the order or orders designated in the notice of appeal ~~shall~~<u>must</u> be attached to the notice together with any order entered on a timely motion postponing rendition of the order or orders appealed. <u>The notice must be accompanied by any required filing fee except as provided in rule 9.430 for proceedings by indigents.</u>

- 19 -

**(d)** **Method of Certification.** The certification may be made in the order subject to appeal or in any order disposing of a motion that has postponed rendition as defined in rule 9.020(h). The certification ~~shall~~must include:

(1)    [No changes]

(2)    a concise statement of the issue or issues that may have statewide application, and that are of great public importance or will affect the uniform administration of justice.

**(e)** **Discretion.**

(1)    Any party may suggest that an order be certified ~~to be~~ as involving a question that may have statewide application, and that is of great public importance or will affect the uniform administration of justice. However, the decision to certify ~~shall~~will be within the absolute discretion of the county court and may be made by the county court on its own motion.

(2)    The district court of appeal, in its absolute discretion, ~~shall~~will by order accept or reject jurisdiction. Until the entry of such order, temporary jurisdiction ~~shall~~will be in the district court of appeal.

**(f)** **Scope of Review.**

(1)    [No changes]

(2)    If the district court of appeal declines to accept the appeal, it ~~shall~~must transfer the case together with the filing fee to the circuit court that has appellate jurisdiction.

**(g)** **Record.** The record ~~shall~~must be prepared and transmitted in accord with rule 9.110(e) ~~or 9.140(f), depending on the nature of the appeal~~.

**(h)** **Briefs.** The form of the briefs and the briefing schedule ~~shall~~will be in accord with rules 9.110(f), ~~9.140,~~ 9.210, and 9.220~~, depending on the nature of the appeal~~.

- 20 -

**(i)     Cross-Appeal.** Cross-appeals ~~shall~~will be permitted according to the applicable rules only in those cases in which a cross-appeal would have been authorized if the appeal had been taken to circuit court.

**(j)     Applicability of Other Rules.** All other matters pertaining to the appeal ~~shall~~will be governed by the rules that would be applicable if the appeal had been taken to circuit court.

**Committee Notes**

**1984 Amendment-1992 Amendment.    [No changes]**

**2020 Note.     [No changes]**

**2023 Amendment.** The language in section 34.017(1), Florida Statutes (1984), referred to as section 34.195, Florida Statutes, in the 1984 Committee Note and characterized as surplusage, was retained by the 2020 Legislature when it amended section 34.017, Florida Statutes (2020), and repealed sections 26.012(1)(c) and 924.08, Florida Statutes. The present amendment conforms the language of the rule to the existing statutory language.

**RULE 9.170.    APPEAL PROCEEDINGS IN PROBATE AND GUARDIANSHIP CASES**

**(a)     Applicability.** Appeal proceedings in probate and guardianship cases ~~shall~~will be as in civil cases, except as modified by this rule.

**(b)     Appealable Orders.** Except for proceedings under rule 9.100 and rule 9.130(a), appeals of orders rendered in probate and guardianship cases ~~shall~~will be limited to orders that finally determine a right or obligation of an interested person as defined in the Florida Probate Code. Orders that finally determine a right or obligation include, but are not limited to, orders that:

(1)-(3)     [No changes]

(4)    grant or deny a petition for administration ~~pursuant to~~under section 733.2123, Florida Statutes;

(5)-(24)    [No changes]

(25)  approve a settlement agreement on any of the matters listed above in (b)(1)–(b)(24) or authorizing a compromise ~~pursuant to~~under section 733.708, Florida Statutes.

**(c)    Record; Alternative Appendix.** An appeal under this rule may proceed on a record prepared by the clerk of the lower tribunal or on appendices to the briefs, as elected by the parties within the time frames set forth in rule 9.200(a)(2) for designating the record. The clerk of the lower tribunal ~~shall~~must prepare a record on appeal in accordance with rule 9.200 unless the appellant directs that no record ~~shall~~should be prepared; a copy of such direction ~~shall~~must be served on the court when it is served on the clerk of the lower tribunal. ~~However, a~~Any other party may direct the clerk of the lower tribunal to prepare a record in accordance with rule 9.200; a copy of such direction ~~shall~~must be served on the court when it is served on the clerk of the lower tribunal. If no record is prepared under this rule, the appeal ~~shall~~must proceed using appendices ~~pursuant to~~under rule 9.220.

**(d)    Briefs.** The appellant's initial brief, accompanied by an appendix as prescribed by rule 9.220 (if applicable), ~~shall~~must be served within 70 days of filing the notice of appeal. Additional briefs ~~shall~~must be served as prescribed by rule 9.210.

**(e)    [No changes]**


**RULE 9.360.   PARTIES**

**(a)    Joinder for Realignment as Appellant or Petitioner.** An appellee or respondent who desires to ~~join~~ realign as an appellant or petitioner ~~shall~~must serve a notice of joinder no later than the latest of the following:

(1)-(3)     [No changes]

The notice of joinder, ~~accompanied by any filing fees prescribed by law,~~ ~~shall~~<u>must</u> be filed <u>in the appellate court</u> either before service or immediately thereafter. The body of the notice ~~shall~~<u>must</u> set forth the proposed new caption. <u>The notice must be accompanied by any required filing fee except as provided in rule 9.430 for proceedings by indigents.</u> ~~Upo~~<u>On</u> filing ~~of~~ the notice and payment of the fee, the clerk <u>of the court</u> ~~shall~~<u>will</u> change the caption to reflect the realignment of the parties in the notice.

**(b)   Attorneys; Representatives; Guardians Ad Litem.** Attorneys, representatives, and guardians ad litem in the lower tribunal ~~shall~~<u>will</u> retain their status in the court unless others are duly appointed or substituted; however, for limited representation proceedings under rule 9.440 or Florida Family Law Rule of Procedure 12.040, representation terminates ~~upo~~<u>o</u>n the filing of a notice of completion titled "Termination of Limited Appearance" pursuant to rule 9.440 or rule 12.040(c).

**(c)   Substitution of Parties.**

(1)   [No changes]

(2)   Public officers as parties in their official capacities may be described by their official titles rather than by name. Their successors in office ~~shall~~<u>will</u> be automatically substituted as parties.

(3)   [No changes]

(4)   If a person entitled to file a notice of appeal dies before filing and that person's rights survive, the notice may be filed by the personal representative, the person's attorney, or, if none, by any interested person. Following filing, the proper party ~~shall~~<u>will</u> be substituted.

**Committee Notes**

**[No changes]**

- 23 -

**RULE 9.430.   PROCEEDINGS BY INDIGENTS**

(a)   **Appeals.** A party who has the right to seek review by appeal without payment of costs ~~shall~~must, unless the court directs otherwise, file a signed application for determination of indigent status with the clerk of the lower tribunal, using an application form approved by the supreme court for use by ~~circuit court~~ clerks of the lower tribunal. The clerk of the lower tribunal's reasons for denying the application ~~shall~~must be stated in writing and are reviewable by the lower tribunal. Review of decisions by the lower tribunal ~~shall~~will be by motion filed in the court.

(b)   **[No changes]**

(c)   **Original Proceedings.** A party who seeks review by an original proceeding under rule 9.100 without the payment of costs ~~shall~~must, unless the court directs otherwise, file with the court a motion to proceed in forma pauperis. If the motion is granted, the party may proceed without further application to the court.

(d)   **Incarcerated Parties.**

(1)   [No changes]

(2)   *Non-Criminal Proceedings.* Except in cases involving criminal or collateral proceedings, an application for determination of indigent status filed under this rule by a person who has been convicted of a crime and is incarcerated for that crime or who is being held in custody pending extradition or sentencing ~~shall~~must contain substantially the same information as required by an application form approved by the supreme court for use by ~~circuit court~~ clerks of the lower tribunal. The determination of whether the case involves an appeal from an original criminal or collateral proceeding depends on the substance of the issues raised and not on the form or title of the petition or complaint. In these non-criminal cases, the clerk of the lower tribunal ~~shall~~must, to the extent required by general law, require the party to make a partial prepayment of court costs or fees and to make continued partial payments until the full amount is paid.

**(e)** **[No changes]**

## Committee Notes

**[No changes]**